UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SREEDHAR GOPALAKRISHNAN, an individual; SUMATHY KRISHNAMURTHY, an individual, | ) ) ) ) | Case No. 2:21-CV-01983 JAM-CSK |
| Plaintiffs, | ) ) ) | **JURY INSTRUCTIONS** |
| v. | ) ) | |
| NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company dba MR. COOPER; and DOES 1-50, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Dated: June 13, 2024          /s/ John A. Mendez
_____
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. 1

Members of the Jury: now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  You may take your copy of these instructions with you to the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1  JURY INSTRUCTION NO. 3

2      The parties have agreed to the following facts that you must

3  treat as having been proved:

4      1.   On or about November 22, 2017, Plaintiffs obtained a

5  mortgage loan in the amount of $480,000.00 from Amwest Funding

6  Corp. ("Amwest") and executed a Note (the "Note") secured by a Deed

7  of Trust (the "DOT"; collectively, with the Note, the "Loan")

8  against real property located at 1121 Sandwick Way, Folsom,

9  California, 95630 (the "Subject Property").

10     2.   Defendant is not a party to the DOT or Note.

11     3.   On October 16, 2020, Flagstar Bank ("Flagstar"), the

12 prior servicer on the Loan, sent correspondence (the "Goodbye

13 Letter") to Plaintiffs informing Plaintiffs of the service transfer

14 from Flagstar to Defendant effective November 2, 2020.

15     4.   Plaintiffs wired funds to Defendant for November 2020

16 payment using account number "NMS110220S".  Plaintiffs wired funds

17 to Defendant for December 2020 payment using account number

18 "NMS110220S".

19     5.   NMS110220S is not Plaintiffs' account number.

20     6.   In December 2020, Plaintiffs received communications from

21 Defendant that Plaintiffs were in default due to missing November

22 and December 2020 payments.

23     7.   Plaintiffs initiated the instant action against

24 Defendants as the issue of the missing payments and credit was not

25 resolved.

26

27

28

JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.   The sworn testimony of any witness;

2.   The exhibits that are admitted into evidence;

3.   Any facts to which the lawyers have agreed; and

4.   Any facts that I may instruct you to accept as proved.

JURY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. 6

    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case, if any;

5.   The witness's bias or prejudice, if any;

6.   Whether other evidence contradicted the witness's testimony;

7.   The reasonableness of the witness's testimony in light of all the evidence; and

8.   Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 8

　　You have heard testimony from Dr. Jules Kamin who testified about his opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

　　Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. 9

Plaintiffs claim that Defendant made a false representation that harmed them.  To establish this claim, Plaintiffs must prove all of the following:

1.   That Defendant represented to Plaintiffs that a fact was true;

2.   That Defendant's representation was false;

3.   That Defendant knew that the representation was false when it made it, or that Defendant made the representation recklessly and without regard for its truth;

4.   That Defendant intended that Plaintiffs rely on the representation;

5.   That Plaintiffs reasonably relied on Defendant's representation;

6.   That Plaintiffs were harmed; and

7.   That Plaintiffs' reliance on Defendant's representation was a substantial factor in causing Plaintiffs' harm.

JURY INSTRUCTION NO. 10

Plaintiffs relied on Defendant's misrepresentation if:

1.   The misrepresentation substantially influenced their action; and

2.   Plaintiffs would probably not have acted the way they did without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Plaintiffs' conduct.

JURY INSTRUCTION NO. 11

In determining whether Plaintiffs' reliance on the misrepresentation was reasonable, they must first prove that the matter was material.  A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Plaintiffs to rely on the misrepresentation.  In making this decision, take into consideration Plaintiffs' intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous.  It also is not reasonable for anyone to rely on a misrepresentation if facts that are within their observation show that it is obviously false.

JURY INSTRUCTION NO. 12

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that Plaintiffs proved their claim against Defendant, you must determine their damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant.  The following are the items of damages Plaintiffs ask you to consider:

1.   Cost of denied mortgage refinancing; and

2.   Cost of financing a new mortgage.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTION NO. 13

Plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1.   That Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.   The amount by which damages would have been mitigated.

JURY INSTRUCTION NO. 14

You must not include in your award any damages to punish or make an example of Defendant.  Such damages would be punitive damages, and they cannot be a part of your verdict.  You must award only the damages that fairly compensate Plaintiffs for their loss.

JURY INSTRUCTION NO. 15

To recover for future harm, Plaintiffs must prove that the harm is reasonably certain to occur and must prove the amount of those future damages.  The amount of damages for future harm must be reduced to present cash value.  This is necessary because money received now will, through investment, grow to a larger amount in the future.  Defendant must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future damages.

JURY INSTRUCTION NO. 16

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

JURY INSTRUCTION NO. 17

You must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

JURY INSTRUCTION NO. 18

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 19

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do

1   not do any research about this case, the law, or the people

2   involved—including the parties, the witnesses or the lawyers—until

3   you have been excused as jurors. If you happen to read or hear

4   anything touching on this case in the media, turn away and report

5   it to me as soon as possible.

6       These rules protect each party's right to have this case

7   decided only on evidence that has been presented here in court.

8   Witnesses here in court take an oath to tell the truth, and the

9   accuracy of their testimony is tested through the trial process. If

10  you do any research or investigation outside the courtroom, or gain

11  any information through improper communications, then your verdict

12  may be influenced by inaccurate, incomplete or misleading

13  information that has not been tested by the trial process. Each of

14  the parties is entitled to a fair trial by an impartial jury, and

15  if you decide the case based on information not presented in court,

16  you will have denied the parties a fair trial. Remember, you have

17  taken an oath to follow the rules, and it is very important that

18  you follow these rules.

19      A juror who violates these restrictions jeopardizes the

20  fairness of these proceedings, and a mistrial could result that

21  would require the entire trial process to start over.  If any juror

22  is exposed to any outside information, please notify the court

23  immediately.

24

25

26

27

28

JURY INSTRUCTION NO. 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. 21

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.